## IN RE PETITION OF WILLIAM O. BOSWORTH.

### OCTOBER 23, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

*Admission to the Bar.*

Rules of practice of the supreme court, "Attorneys and Counsellors," sec. 1, clause 2, provide that the petition of an applicant for admission to the bar shall set forth, "That not having received a classical education he has studied law three years in the office of an attorney and counsellor at law"—

*Held,* that the rule demands that the study of law during ordinary business hours in a law office must be the student's chief occupation.

PETITION for leave to take examination for admission to the bar.  Denied.

PER CURIAM.  This is an application to the court to be allowed to take an examination for admission to the bar.

It appears that the applicant, duly registered as a law student in the office of an attorney and counsellor of this court September 13, 1904, and the same day filed notice in the clerk's office that he had so registered, and that for three years thereafter he received the instruction of said attorney and studied law under his direction.

It appears further that he was not in attendance at the office during the daytime, but was employed during the working hours of the day as a clerk or salesman in a department store.  For this reason the board of bar examiners refused to admit him to an examination, holding that his course of study was not a compliance with the rules of practice which requires that an applicant for admission to the bar who has not received a classical education or studied at a law school, must have "studied law three years in the office of an attorney and counsellor at law."

The court are of the opinion that the rule was correctly construed by the board of bar examiners.

While the prohibition of the former rule which forbade a law student to engage in any other occupation during the

period of his study has been omitted, the present rule still demands that the study of law during ordinary business hours in a law office must be the student's chief occupation. Other employment may be undertaken out of office hours or in vacation, but other continuous employment during the business hours of the day is not compatible with such a course of study as is contemplated by the rule.

The qualification prescribed by the rule is a necessary prerequisite to a right to an examination.

The case as stated to us by the petitioner does not show that he has complied with the rule, and the petition is dismissed.

*Daniel R. Ballou,* for the Board of Bar Examiners.

*James A. Williams,* for petitioner.